IN THE MATTER OF THE JUDICIAL SETTLEMENT OF THE ACCOUNT OF
ARCHIBALD K. MESEROLE AND OTHERS, TRUSTEES UNDER
THE WILL OF ABRAHAM MESEROLE, DECEASED.

*Commissions of testamentary trustees on their annual accountings.*

Testamentary trustees, upon accounting annually for the income of an estate
which they are required to receive and distribute among the benficiaries
designated in the will, are entitled to full commissions, that is, to five per cent
for receiving and paying out all sums not exceeding $1,000, to two and one-
half per cent on the next $9,000, and one per cent on all sums above $10,000.
*Hancox* v. *Meeker* (95 N. Y., 528) followed.

APPEAL from a decree of the Surrogate's Court of the county of
New York.

*Joseph A. Burr, Jr.,* for the trustees, appellants.

*Edward Russell,* for the respondents Maria A. Knapp and others.

*Abraham Meserole,* for the respondents E. A. Meserole and others.

DAVIS, P. J.:

The appellants in this case, as trustees under the last will and
testament of Abraham Meserole, deceased, filed their petition for a
judicial settlement of their account for the year ending September
9, 1884, and the parties interested in the estate and entitled to the
income were duly cited to appear on such accounting. The accounts
and vouchers were duly filed before the return of the citation, and
no objection being presented, a decree was made approving the
same, and directing the distribution of the balance of income
remaining in the hands of the trustees.

Upon the settlement of the decree the trustees claimed commis-
sions upon the sum of $40,421.72, the amount of income received
during the year and accounted for, at the rate of five per cent on
the first $1,000, two and a-half per cent on the next $9,000, and one
per cent on the residue, amounting to $579.22 for each trustee, or
$1,737.66 in the aggregate. The surrogate allowed each trustee
one per cent on the said amount, making $404.22 for each, or
$1,212.66 in the aggregate, and from this part of the decree the
trustees appeal to this court.

The appeal presents the single question: What rate of commis-

sions are testamentary trustees entitled to receive upon a yearly accounting for the income of an estate which they are required to receive and distribute among beneficiaries designated in the will? Precisely the same question has been considered by this court at the present term in the matter of Ellen D. Goodrich, as sole acting executrix of John H. Schmidt, deceased.* In that case this court

* The following is the opinion delivered in that case:

### MATTER OF GOODRICH.

"DAVIS, P. J.:

"Two questions are presented on this appeal: First. Whether the appellant is entitled to full commissions as trustee on the income for the period covered by the accounting at the rate of five per cent on the first thousand and two and a-half per cent on the remainder. The surrogate allowed her but one per cent on the whole. Second. Whether she is entitled to commissions as executrix on the amount of proceeds of sales of certain real estate in Charleston, S. C. The surrogate allowed her half commissions as trustee on receipt of such proceeds.

" On the second of these questions, we are of opinion that the decision of the surrogate is right.

As to the first of these questions the surrogate declined to follow the decision of the Court of Appeals in the case of *Hancox* v. *Meeker* (95 N. Y., 528), claimed by the appellant to be controlling, on the ground that that case is so far distinguishable from the present as not to be controlling. In this, we think, the learned surrogate was in error. As we understand the decision of the Court of Appeals in *Hancox* v. *Meeker*, it determines that where an annual income is required to be paid periodically to a *cestui que trust*, the trustee has a clear right to retain commissions from the annual income; and that where an account is rendered yearly in compliance with any statute, rule or order of the court, or where annual rests are necessary to charge the party accounting with interest on the balance remaining in his hands, such accounting party is entitled to full commissions on each year's receipts and disbursements. The court in that case distinctly declared that ' no sound reason exists why a trustee should not be entitled to receive commissions on the income of an estate which he annually pays over and accounts for.'

" If this be so, we see no sound reason why the rule should not apply so as to allow full commissions on receiving and paying out the income, notwithstanding the fact that the trustee has received full commissions on a former accounting for receiving and investing the principal. It is not necessary to express any opinion as to which is the better law — the decision of the Court of Appeals, or the rule laid down by the surrogate in his opinion — because the former is necessarily controlling of our action.

" The decree of the learned surrogate must, therefore, be so far modified as to allow full commissions upon the income received and paid out, and with such modification affirmed, without costs to either party.

"DANIELS, J., concurred."

came to the conclusion that its decision was determined by the decision of the Court of Appeals in *Hancox* v. *Meeker* (95 N. Y., 528), which, as we think, adjudicates that in such a case as this the trustees are entitled to the full commissions allowed by law, to wit, five per cent for receiving and paying out all sums not exceeding $1,000, and two and a-half per cent on the next $9,000, and for all sums above $10,000 one per cent.

Our conclusion in that case must control our action in this case, and leave the final determination of the question to the court of last resort. It cannot be denied but that there are propositions in the opinion of the Court of Appeals in *Hancox* v. *Meeker* which sustain the views of the question as presented by both contestants in this case, and in the case of Goodrich, and both quote from the opinion with equal confidence as sustaining their antagonistic views. In this case as in the Goodrich case, the sum upon which the commissions were claimed was the income actually received by the trustee in the course of administering the trust and required by the will to be by them distributed and paid out, such income constituted an altogether new fund, upon which no commissions had ever been allowed. It is certainly a harsh rule to limit the compensation of trustees for their services rendered and the responsibility in collecting and distributing such funds to an allowance of one per cent. The full commission in such case is certainly no more than a reasonable compensation. The novelty of the fund ought to be the controlling fact, inasmuch as that fact establishes that it is one upon which no commission has been claimed or allowed.

For the reasons stated in the Goodrich case, we are of opinion that the decree of the surrogate should be modified by making the allowance the full rate of commission.

BRADY and DANIELS, JJ., concurred.

Decree modified as directed in opinion.